**Affirmed and Opinion Filed January 10, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-18-00891-CR**

**No. 05-18-00892-CR**

**No. 05-18-00893-CR**

**FIDEL ANGEL NAVARRO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1775719-U, F-1775720-U, F-1775721-U**

## MEMORANDUM OPINION

Before Justices Bridges, Partida-Kipness, and Pedersen, III
Opinion by Justice Bridges

A jury convicted appellant Fidel Angel Navarro of three separate counts of indecency with a child and sentenced him to fifteen years' confinement.[1]  He argues the evidence is legally insufficient to support his convictions, and he received ineffective assistance of counsel.  We affirm.

### Background

Appellant married Wife in 1996 when she was fifteen years old and he was sixteen years old.  Wife's parents did not approve of the relationship because they were so young.

---

[1] Two sentences run concurrently and one runs consecutively.

Wife had three younger sisters MG3, MG1, and MG2 (from oldest to youngest).[2] Wife described her relationship with her sisters during the marriage as "good . . . close to me" and they often spent time together. They were constantly involved in her life.

In 2015, Wife's three younger sisters disclosed for the first time that appellant sexually abused them when they were younger.

Appellant inappropriately touched MG1 for the first time when she was about six or seven years old. She was spending the night at Wife's and appellant's home and appellant told her to sleep in her niece's crib. MG1 could not remember if her niece slept in the play pen or in the bed with appellant and Wife. She recalled wearing a long shirt and underwear. She remembered waking up in the middle of the night on her side with a pillow positioned between her legs holding them open. She saw appellant and felt his hands in her underwear touching inside her vagina. It felt uncomfortable.

MG1 could not remember dates of the other times appellant abused her, but knew it happened multiple times. The last time appellant abused her occurred during Wife's work trip to Las Vegas in 2000 or 2001.[3] MG1 described how appellant tied one hand to the headboard of the bed with a blanket and positioned himself on top of her touching "on and in" her vagina with his hand. She recalled him pulling a vibrator from the night stand and telling her he "was going to show me the best pleasure of my life." When she started crying, he stopped and apologized. She did not tell anyone what happened. At the time she did not realize appellant's actions were wrong and did not tell anyone because she was scared.

In 2001, the family took a trip to Monterrey, Mexico. Appellant used the opportunity to victimize MG3, who was fourteen years old at the time. She woke up "feeling something [she]

[2] The sisters share common initials; therefore, we will utilize the same designations as appellant and the State for consistency.

[3] Wife testified and confirmed she took a work trip to Las Vegas during this time.

had never felt before." She realized it was appellant's finger inside her private part. She ran upstairs to her parents' room and cried on the couch. She knew what happened was wrong but did not tell anyone because she was scared and embarrassed. It only happened one time.

In 2004, MG2, who was eight or nine years old, spent the night with appellant and Wife. MG2 shared a bed with appellant's daughter, DN (the two girls were about eighteen months apart). MG2 woke up feeling pressure in her private part and saw appellant kneeling over the side of the bed between her legs. Her underwear was around her ankles. Appellant's tongue and finger were inside of her. She asked what he was doing. He said she was crying in her sleep, and he wanted to make her feel better. She never spent the night again because she was afraid of being touched again.

In 2015, the three sisters confided in each other about their experiences with appellant but did not share details. They also told the police. MG1 and MG2 went to the Dallas Children's Advocacy Center for forensic interviews. Yesenia Gonzalez, director of forensic services, conducted the interviews.

Despite the two women providing outcries, no charges were filed in 2015.

In 2017, the family had a "big blow up." The argument centered around a BMW that belonged to appellant's daughter; however, Wife's sisters had been driving the car. Appellant's sister sent a tow truck to remove the car from appellant's in-laws' home.

Sometime after this incident, the State indicted appellant based on the allegations first made by the sisters in 2015. The indictments alleged that between 1997 and 2004, appellant sexually abused his then-wife's younger sisters by touching and penetrating their genitals.[4] He pleaded not guilty and the consolidated cases went to trial. At the time of trial, MG3 was thirty-one years old, MG1 was twenty-eight years old, and MG2 was twenty-two years old.

---

[4] In 2005, appellant and Mother divorced.

The sisters testified in detail about their experiences with appellant. The jury also heard from Gonzalez, who testified about the forensic interviews, and from Karen Esposito, a therapist at the Children's Advocacy Center, who provided expert testimony for the State regarding aspects of sexual abuse such as grooming, family dynamics, and delayed outcries.

Appellant testified in his own defense, denied all the charges, and contended the woman made up the stories. The jury found him guilty of both indecency charges. *See* TEX. PENAL CODE ANN. § 21.11(a)(1). As for the aggravated sexual assault charge, the jury found him guilty of the lesser-included offense of indecency with a child. *See* TEX. PENAL CODE ANN. § 22.021(a)(2)(B). The jury sentenced appellant to fifteen years' confinement. This appeal followed.

### Sufficiency of the Evidence

In his first issue, appellant argues the evidence is insufficient to support his convictions. Although appellant acknowledges case law to the contrary, he contends a delayed outcry from an adult victim who was victimized as a child, without independent corroboration, is insufficient to establish guilt. He argues there were several reasons to doubt complainants' accusations and encourages the Court to consider "contemporary societal standards," with the "lack of corroboration [] chief among them."

In determining the sufficiency of the evidence, the reviewing court considers the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Acosta v. State*, 429 S.W.3d 621, 624–25 (Tex. Crim. App. 2014). The jury is the sole judge of credibility and weight to attach to witness testimony. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

A person commits indecency with a child if the person engages in sexual contact with the child or causes the child to engage in sexual contact. *See* TEX. PENAL CODE ANN. § 21.011(a)(1). A person commits aggravated sexual assault of a child if he causes the penetration of the female

sexual organ by any means and the child is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(i)(A), (a)(B)(2). Here, the indictments alleged appellant's hand contacted MG1's genitals on or about September 2, 1997 and on or about August 2, 2001. The third indictment alleged appellant penetrated MG2's female sexual organ with his finger on or about October 15, 2004.

The testimony of a child victim alone is sufficient to support a conviction for sexual abuse of a child. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd). However, appellant challenges the applicability of this statute when a child victim waits until adulthood to outcry. He encourages the Court to consider "contemporary societal norms," which indicate a public shift in which society now requires some independent corroboration before finding a defendant guilty when a child victim waits until adulthood to bring forth the allegations. He argues "societal norms and expectations have evolved past the black-and-white approach" of "reflexively" crediting an uncorroborated and long-delayed sexual assault allegation.

Appellant's arguments are veiled attempts for this Court to sit as a thirteenth juror. Moreover, this Court is bound to consider only the evidence before the factfinder. Appellant's reliance on polls and news articles is outside the record and therefore not properly before us for consideration. *See, e.g., Rosa v. State*, No. 05-04-00558-CR, 2005 WL 2038175, at *2 (Tex. App.—Dallas Aug. 25, 2005, pet. ref'd) (op. on reh'g, not designated for publication) (appellate court may not consider factual assertions outside the record). As such, we consider the evidence presented to the jury in the light most favorable to the verdict and defer to the jury's resolution of conflicting evidence and witness credibility.

MG1 described two specific instances in which appellant touched her as charged in the indictment. MG2 described waking up in the middle of night to appellant touching her as charged

in the indictment. Their testimony alone was sufficient without corroboration. *See* TEX. CODE CRIM. PROC. ANN. art. 38.07(a); *Lee*, 186 S.W.3d at 655.

Defense counsel challenged both women's recollection of events and the plausibility of the circumstances surrounding the allegations. For example, both women testified other family members were asleep in the bedroom when the abuse happened yet none of them woke up. He challenged the likelihood that appellant abused MG1 while she was sleeping in a baby crib because she was six or seven years old at the time and it made no sense that DN was not sleeping in the crib. MG1, however, testified she fit in the crib because she was small for her age and slept there because appellant told her to.

Defense counsel also challenged the sisters' motivation for going back to police in 2017. He indicated they made up the charges to get back at appellant for taking away the BMW.

In addition to their own testimony, the jury also heard Gonzalez describe her forensic interviews with the two sisters. She described the importance of sensory details because the "key important details" like how something physically looked and felt will be missing if someone has been coached. MG1 described the clothing she wore at the time, body positions, the motion in which she was touched, and things that were said before, during, and after the incident. MG2, like her sister, provided sensory details including clothing and positioning during the incident.

Defense counsel cross-examined Gonzalez regarding delayed adult outcries. She agreed it was possible and more likely for an adult to articulate false facts and sensory details based an adult sexual experiences than a child or preteen. She also agreed it could be more difficult to determine whether adults are lying because they are more sophisticated than children.

Karen Esposito, a therapist at the Children's Advocacy Center, testified as an expert for the State. Although she had never seen the women or read the police reports involving their allegations, she explained reasons why victims may delay reporting abuse. Victims are often

fearful they will not be believed or get in trouble if they outcry when the perpetrator is a trusted family member. "And then the more time that passes that they're not telling about it the more they think it's their fault."

Appellant and his sister both testified that Wife's family never liked or accepted him. Appellant testified the women made up the stories and denied the allegations.

When the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict, and we defer to that resolution. *Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018). We are "required to defer to the jury's credibility and weight determinations." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The jury believed the sisters. Again, we reject appellant's invitation to act as a thirteenth juror. Particularly, when appellant relies on alleged shifts in societal norms that are not a part of the record. Rather, and importantly in this case, the jury heard Esposito testify that the "culture shift" over the past decade is "people can accept that more people are coming out and it's less of a stigma."

Our duty is to ensure the evidence presented supports a conclusion that appellant committed the crimes as charged in the indictments. The record contains such evidence, and the jury did not act "reflexively." Thus, its verdict "was not a determination so outrageous that no rational trier of fact could agree." *Smith*, 2019 WL 1615353, at *7 (quoting *Wirth v. State*, 361 S.W.3d 694, 698 (Tex. Crim. App. 2012)). Appellant's first issue is overruled.

**Ineffective Assistance of Counsel**

In his second issue, appellant argues he received ineffective assistance of counsel because counsel failed to object when Gonzalez testified the women's accusations were credible. The State responds appellant fails to meet the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984).

To prove ineffective assistance of counsel, appellant must show that (1) trial counsel's representation fell below an objective standard of reasonableness, based on prevailing professional norms; and (2) there is a reasonable probability that the result of the proceeding would have been different but for trial counsel's deficient performance. *Id*. at 688–92.

Review of counsel's representation is highly deferential, and we indulge a strong presumption that counsel's conduct fell within a wide range of reasonable representation. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005). A reviewing court will rarely be in a position on direct appeal to fairly evaluate the merits of an ineffective assistance claim. *Id*. at 740. To overcome the presumption of reasonable professional assistance, "any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id*. (quoting *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999)). It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record. *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007).

When, as in this case, there is no proper evidentiary record developed at a hearing on a motion for new trial, it is extremely difficult to show that trial counsel's performance was deficient. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). The court of criminal appeals has stated that it should be a rare case in which an appellate court finds ineffective assistance on a record that is silent as to counsel's trial strategy. *See Andrews v. State*, 159 S.W.3d 98, 103 (Tex. Crim. App. 2005). On such a silent record, this court can find ineffective assistance of counsel only if the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Here, the record includes a boiler-plate motion for new trial challenging the sufficiency of the evidence. The motion did not raise an ineffective assistance of counsel ground. Thus, the record contains no discernible

explanation of the motivation behind the actions counsel did or did not take, meaning were they of strategic design or the result of negligent conduct? We conclude this is not the "rare case" in which a silent record establishes ineffective assistance of counsel.

The cases appellant cites to support his ineffective assistance of counsel claim on direct appeal are distinguishable. They involve multiple witnesses testifying to the truthfulness of the sexual assault victim, and in most cases, the expert witnesses specifically testified the victim was telling the truth. *See Fuller v. State*, 224 S.W.3d 823, 835–36 (Tex. App.—Texarkana 2007, pet. ref'd) (allowing four witnesses to testify to victim's truthfulness in some manner with three witnesses specifically testifying to the truthfulness and credibility of victim's allegations without objection was ineffective assistance of counsel); *Sessums v. State*, 129 S.W.3d 242, 247–48 (Tex. App.—Texarkana 2004, pet. ref'd) (allowing three experts to testify, without objection, regarding whether victim exhibited factors for truthfulness was ineffective assistance of counsel); *Miller v. State*, 757 S.W.2d 880, 881–883 (Tex. App.—Dallas 1988, pet. ref'd) (allowing experts to testify there was "no doubt" and an "extraordinarily high probability" victim was sexually abused, without objection, was ineffective assistance of counsel). Those are not the facts before us. Accordingly, we will not find counsel ineffective on this record and such issues are better raised via an application for writ of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07; *see also Jesuorobo v. State*, 2-02-440-CR, 2004 WL 393164, at *2 (Tex. App.—Fort Worth Mar. 4, 2004, no pet.) (mem. op., not designated for publication). We overrule appellant's second issue.

**Conclusion**

The judgment of the trial court is affirmed.

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2
180891F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FIDEL ANGEL NAVARRO, Appellant

No. 05-18-00891-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1775719-U.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 10, 2020



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

FIDEL ANGEL NAVARRO, Appellant

No. 05-18-00892-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1775720-U.
Opinion delivered by Justice Bridges.
Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 10, 2020



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

FIDEL ANGEL NAVARRO, Appellant

No. 05-18-00893-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1775721-U.
Opinion delivered by Justice Bridges. Justices Partida-Kipness and Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered January 10, 2020